```
                  UNITED STATES DISTRICT COURT
                   MIDDLE DISTRICT OF FLORIDA
                       FORT MYERS DIVISION
```

RONALD GREGORY FARAH,

               Petitioner,

vs.	Case No.   2:06-cv-39-FtM-29DNF
                                                                      (Cr. No. 2:96-cr-27-FTM-29DNF)

UNITED STATES OF AMERICA,

               Respondent.

_____

## OPINION AND ORDER

This matter comes before the Court on consideration of petitioner's Petition for a Writ of Habeas Corpus and Other Relief (Doc. #1), filed on January 18, 2006. Petitioner moves, pursuant to 28 U.S.C. § 2241, to vacate or set aside his conviction and either grant a new trial or re-sentence him. Petitioner raises two grounds for relief: (1) that the sentencing guidelines are no longer mandatory under Booker[1] and therefore his conviction and sentence were unconstitutional; and (2) that his sentence is void because he was sentenced on conduct not charged by the grand jury in the indictment, i.e., an Apprendi[2] violation. In the alternative, petitioner moves pursuant to Federal Rule of Civil Procedure 60(b) to reopen his 28 U.S.C. § 2255 Petition, to reconsider all the issues and vacate the judgment denying that petition, and to grant the relief requested therein.

---

     [1]United States v. Booker, 543 U.S. 220 (2005).

     [2] Apprendi v. New Jersey, 530 U.S. 466 (2000).

**I.**

On May 8, 1996, in Case Number 2:96-cr-27-FTM-29DNF, Ronald Gregory Farah (petitioner or Farah) was charged in five counts of a First Superceding Indictment (Doc. #11) with conspiracy to import marijuana between December, 1995 and May 7, 1996, in violation of 21 U.S.C. § 963 (Count One); importation of marijuana on March 1, 1996, in violation of 21 U.S.C. § 952 (Count Two); conspiracy to possess with intent to distribute marijuana between December, 1995 and May 7, 1996, in violation of 21 U.S.C. § 846 (Count Three); possession with intent to distribute marijuana on March 6, 1996, in violation of 21 U.S.C. § 841(a)(1) (Count Four); and possession with intent to distribute marijuana on May 7, 1996, in violation of 21 U.S.C. § 841(a)(1) (Count Six).  No drug quantities were alleged in any count of the First Superceding Indictment.  At petitioner's detention hearing the government proffered that the conspiracy involved 9,000 pounds of marijuana and that petitioner had at least two prior drug convictions and therefore faced a sentence of mandatory life imprisonment.  (Doc. #74, p. 2.)  The Court ordered petitioner detained without bond.  (Id.)  Defense counsel thereafter proceeded on the basis that the maximum sentence was life imprisonment.  See Motion to Allow Defendant to Receive Discovery Copies (Doc. #112), arguing that defendant needed copies of the discovery because he was incarcerated and "is facing a possible life sentence."

On September 4, 1996, the government filed an Information (Doc. #114) advising petitioner of its intent to enhance his sentence upon conviction based upon three prior drug trafficking convictions. On September 19, 1996, the magistrate judge refused to release petitioner on bond, noting that the government had filed the enhancement Information and petitioner faced mandatory life imprisonment without parole. (Doc. #126.)

On December 30, 1996, the government filed its Notice of Intent to Rely Upon Prior Acts Evidence Pursuant to Fed. R. Evid. 404(b). (Doc. #203.) In the Notice, the government advised that it intended to introduce evidence of the three prior drug convictions listed in the enhancement Information as prior acts evidence under Rule 404(b). Petitioner filed a written objection to the introduction of this evidence. (Doc. #226.) Before the testimony at trial, the Court sustained petitioner's objection pending hearing the evidence. (Doc. #373, pp. 56-57.)

Trial began on January 16, 1997 (Doc. #227), and on January 27, 1997, a jury convicted petitioner of four counts[3]. (Doc. #239). Petitioner filed a post-trial motion for judgment of acquittal (Doc. #244), which was denied in a written Order (Doc. #248).

On April 28, 1997, petitioner filed a Motion to Strike Sentencing Enhancement/Classification as Career Criminal (Doc.

---

[3]Count Four was previously dismissed on the government's motion. (Doc. #380, p. 1219.)

#295), arguing that the three prior drug trafficking offenses were part of a single common scheme or plan and were consolidated for sentencing, and therefore constituted only a single conviction. At the sentencing hearing petitioner raised additional arguments against being enhanced pursuant to 21 U.S.C. § 851. (Doc. #355, pp. 17-19). The Court rejected the arguments. (Id. at p. 40.) On April 30, 1997, petitioner was sentenced to four concurrent terms of life imprisonment, to be followed by sixty months of supervised release. (Docs. #299, #313.)

Petitioner filed a direct appeal (Doc. #302) and his retained trial counsel was allowed to withdraw. (Docs. #309, #312.) The Eleventh Circuit rejected the numerous issues raised on appeal by new counsel, and affirmed petitioner's convictions and life sentences (Doc. #585) on February 28, 1999. Petitioner filed a petition for a writ of *certiorari* with the United States Supreme Court, which was denied on May 15, 2000. Farah v. United States, 529 U.S. 1121 (2000).

On June 5, 2000, petitioner filed a letter motion (Doc. #594) seeking habeas relief. The Clerk was directed to forward petitioner a copy of the form, and petitioner filed the proper form on May 15, 2001. See Case No. 2:01-cv-252-FTM-29. Petitioner raised the following grounds in his habeas petition: (1) His sentence was in excess of the maximum authorized by law because his 1984 conviction was being challenged and may be overturned, thus resulting in the lack of a sufficient number of predicate offenses

under 21 U.S.C. §§ 841(b)(1)(B) and 851[4]; (2) he was denied the effective assistance of counsel because trial counsel pursued a derivative entrapment theory specifically rejected by prior decisions of the Eleventh Circuit; (3) he was denied his rights to notice of the nature and cause of the accusations, to a proper indictment by a grand jury, and to trial by jury and due process of law because the quantity of drugs was not specifically stated in the indictment and was not decided by the jury; (4) the district court lacked subject matter jurisdiction; (5) he was denied due process because of sentencing entrapment/manipulation; and (6) he was denied effective assistance of counsel at sentencing and on appeal because his attorney failed to raise various issues.  On July 8, 2003, the Court entered an Order (Doc. #686) denying the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody (Doc. #648).  A Judgment (Doc. #7) was entered the same day.  On September 17, 2003, the Court denied reconsideration (Doc. #690), and on November 17, 2003, petitioner filed a Notice of Appeal (Doc. #691).  A certificate of appealability was denied (Doc. #697), and the appeal was closed.

**II.**

The availability of habeas relief pursuant to 28 U.S.C. § 2241 is a question of law.  <u>Dohrmann v. United States</u>, 442 F.3d 1279, 1280 (11th Cir. 2006).  When a prisoner has previously filed a §

---

[4]This issue was rendered moot as the state court challenge to his 1984 conviction was unsuccessful.

2255 motion, he must apply for and receive permission from the Court of Appeals before filing a successive § 2255 motion. 28 U.S.C. § 2244(b)(3); In re Blackshire, 98 F.3d 1293, 1293 (11th Cir. 1996). However, "[u]nder the savings clause of § 2255,[5] a prisoner may file a § 2241 petition if an otherwise available remedy under § 2255 is inadequate or ineffective to test the legality of his detention." Sawyer v. Holder, 326 F.3d 1363, 1365 (11th Cir.), cert. denied, 540 U.S. 900 (2003). The restrictions on successive § 2255 motions do not, standing alone, render § 2255 inadequate or ineffective within he meaning of the savings clause. Wofford v. Scott, 177 F.3d 1236, 1245 (11th Cir. 1999). Therefore, "a petitioner who has filed a previous § 2255 motion may not circumvent the successive motion restrictions simply by filing a petition under § 2241." Darby v. Hawk-Sawyer, 405 F.3d 942, 945 (11th Cir. 2005).

The savings clause applies only when (1) petitioner's claim is based on a retroactively applicable Supreme Court decision; (2) the holding of that decision established that petitioner was convicted

---

[5]The savings clause states:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255.

of a nonexistent offense; and (3) circuit court law squarely foreclosed such a claim at the time it otherwise should have been raised at petitioner's trial, appeal, or first § 2255 motion. Wofford, 177 F.3d at 1244; Sawyer, 326 F.3d at 1365-66. All three of the criteria must be satisfied. Flores v. McFadden, 152 Fed. Appx. 913, 914 (11th Cir. 2005), cert. denied, 126 S. Ct. 2342 (2006). Petitioner cannot argue the merits of a claim until he has "open[ed] the portal" to a § 2241 proceeding by demonstrating that § 2255's savings clause applies to his claim. Wofford, 177 F.3d at 1244 n.3.

In this case, petitioner cannot satisfy the first prong of Wofford because none of the cases he relies upon apply retroactively. Apprendi does not apply retroactively on collateral review, McCoy v. United States, 266 F.3d 1245, 1258 (11th Cir. 2001), cert. denied, 536 U.S. 906 (2002), or in the context of a § 2241 petition, Dohrmann, 442 F.3d at 1282. Similarly, neither Booker nor Blakely v. Washington, 542 U.S. 296 (2004) apply retroactively on collateral review. Varela v. United States, 400 F.3d 864, 867-68 (11th Cir.)(citing Schriro v. Summerlin, 124 S. Ct. 2519, 2526-27 (2004)), cert. denied, 126 S. Ct. 312 (2005). See also United States v. Moreno, 421 F.3d 1217, 1220 (11th Cir. 2005); United States v. Rodriquez, 406 F.3d 1261, 1280 (11th Cir. 2005)("[n]o circuit, . . . has yet to suggest that Booker is retroactively applicable to collateral proceedings, . . . [and], it

is highly unlikely that any will.") Therefore, Petitioner's § 2241 petition must be dismissed.

### III.

Petitioner also seeks to reopen his § 2255 petition pursuant to Federal Rule of Civil Procedure 60(b). Petitioner seeks reconsideration of Grounds 12B through 12F of his § 2255 petition "for all the applicable reasons listed in Rule 60(b), Fed. R. Civ. P." (Doc. #1, p. 4.) In Gonzalez v. Crosby, 125 S. Ct. 2641, 2645-48 (2005) the Supreme Court held that a Rule 60(b) motion which seeks reconsideration of the merits of a § 2255 petition, including a subsequent change in substantive law, sets forth a claim which is in substance a successive habeas petition, and must comply with the successive-petition rules of the Antiterrorism and Effective Death Penalty Act (AEDPA). Therefore, petitioner is required to obtain the permission of the Eleventh Circuit Court of Appeals prior to filing a successive § 2255 petition. 28 U.S.C. § 2255. Because petitioner has not done so, the Rule 60(b) relief must be dismissed. Additionally, the petition seeking relief under Rule 60(b)(1), (2) and (3) would be untimely because it was filed more than a year after the Judgment denying the § 2255 petition. Fed. R. Civ. P. 60(b).

### IV.

The Court declines petitioner's request that the matter be transferred. Petitioner has not addressed any reasons why a

-8-

successive petition should be allowed, the Eleventh Circuit law is well-settled, and his claims would be futile. The Court also declines to certify any issue in light of the well-settled Eleventh Circuit law.

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Petitioner's Petition for a Writ of Habeas Corpus and Other Relief (Doc. #1) is **DISMISSED** for the reasons stated herein. The Clerk shall enter judgment accordingly and close the civil case. The Clerk is further directed to file a copy of this Opinion and Order and the Judgment in the associated criminal case.

**DONE AND ORDERED** at Fort Myers, Florida, this   19th   day of September, 2006.

/s/ John E. Steele
JOHN E. STEELE
United States District Judge

Copies:
Petitioner